UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK KOKOWICZ,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent.

CASE NO. 2:06-CV-10702
HONORABLE NANCY EDMUNDS
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Mark Kokowicz, ("Petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction on two counts of solicitation of murder, M.C.L.A. 750.157b; and two counts of witness intimidation by threatening to kill, M.C.L.A. 750.122(7)(c). For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Discussion

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus and the attached pleadings. Respondent has likewise provided a detailed factual summary of the case, which

1

does not essentially conflict with the petitioner's statement of facts. Because the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Sergeant Brian Kozlowski of the Macomb County Sheriff's Department was the sole prosecution witness. In March of 2003, Sergeant Kozlowski was told by his immediate supervisor that an inmate at the Macomb County jail, subsequently identified as petitioner, was attempting to have a witness in a case killed. This information had been provided to Kozlowski's supervisor by an officer from the Michigan State Police.

Sergeant Kozlowski subsequently met with David Lyons, the inmate at the Macomb County Jail who had contacted the police with this information. After obtaining background information from Lyons about what he had heard, Kozlowski asked Lyons to approach petitioner regarding his interest in "hiring someone to commit this crime" and to give petitioner a name—"Tony Campbell", which was Sergeant Kozlowski's fictitious street name.

Sergeant Kozlowski visited petitioner at the Macomb County Jail on March 12, 2003, identifying himself as "Tony." The entire conversation between petitioner and Sergeant Kozlowski was tape recorded. During the conversation, petitioner asked Kozlowski to kill Kristi Sandercott and Liza Ellero and offered him the sum of $ 10,000.00. Petitioner told Kozlowski that he "wanted [the girls] off

2

the face of the earth" and he gave Sergeant Kozlowski "the green light" to do so. During Kozlowski's testimony, the prosecution played a tape recording of the conversation between petitioner and Sergeant Kozlowski.

The defense called two witnesses: Mr. Lyons and petitioner. Lyons corroborated Kozlowski's testimony. Lyons admitted that at the time of the alleged conversations with petitioner, he was in jail pending trial on charges of armed robbery, credit card possession, and uttering and publishing. Lyons admitted that after providing the police with the information that petitioner wanted to kill these two women, the prosecution allowed him to plead guilty to being an accessory after the fact and he was sentenced to probation. Lyons denied that he "set up" petitioner, claiming that the plan to murder the two women was all petitioner's idea.

Petitioner testified that Lyons approached him in jail and informed him that he could help petitioner, because he had friends who could kidnap and murder someone. Petitioner claims that because Lyons kept pushing him, and because petitioner was afraid for his own safety, he agreed to go along with Lyons' plan. Petitioner claimed that he was "set up" by Lyons and did everything at the latter's command. Petitioner denied that he wanted to kill anyone.

Petitioner was found guilty as charged. On December 8, 2003, petitioner was sentenced to concurrent terms of 225 months to 300 months on his convictions for solicitation of murder and 119 months to 180 months on his

3

convictions for intimidating a witness.

The Michigan Court of Appeals affirmed petitioner's convictions, but remanded his case to the trial court for re-sentencing on his solicitation to murder convictions. *People v Kokowicz*, No. 253180 (Mich.Ct.App. May 12, 2005). On May 26, 2005, the trial court re-sentenced petitioner to 200 to 300 months in prison. The Michigan Supreme Court subsequently denied petitioner leave to appeal. *People v Kokowicz*, 474 Mich. 908, 705 N.W.2d 124 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The trial court violated appellant's due process right to trial by an impartial jury by allowing jurors to submit questions for witnesses during the trial.
>
> II. Mr. Kokowicz's right to the effective assistance of counsel was violated under the federal and state constitutions where trial counsel did not object to repeated instances of inadmissible hearsay.
>
> III. Mr. Kokowicz's judgment of sentence must be corrected where the sentences of 18 years and 9 months to 25 years imposed for solicitation of murder convictions violate the two-thirds rule of MCL 769.34(2)(b) and *People v Tanner*.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or

4

> involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The impartial jury claim.**

Petitioner first claims that the trial court deprived him of the right to a fair and impartial jury by permitting the jurors to submit questions for the witnesses during trial. Respondent contends that the claim is procedurally defaulted, because petitioner failed to object at trial and the Michigan Court of Appeals

5

relied on this failure to preserve the issue in denying petitioner relief.

In the present case, the Michigan Court of Appeals ruled that because petitioner failed to object either to the instruction which allowed the jurors to ask questions or to any of the specific questions submitted by the jury, the issue was unpreserved and would be reviewed solely for plain error. The Michigan Court of Appeals went on to conclude that petitioner failed to show any error because the jurors' questions were properly screened by the trial court judge prior to being submitted to the witnesses and none of the juror questions reflected any juror bias or prejudice. *People v. Kokowicz,* Slip. Op. at * 1-2.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a

claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his jury question claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991); *Pearl v. Cason,* 219 F. Supp. 2d 820, 828 (E.D. Mich. 2002). Petitioner's first claim is procedurally defaulted.

In the present case, petitioner has offered no reasons for his failure to

object to the allegedly improper jury questions. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533. Additionally, because petitioner has not presented any new reliable evidence that he is innocent of these crimes, petitioner's claim is procedurally defaulted. *Pearl v. Cason,* 219 F. Supp. 2d at 828. Petitioner is therefore not entitled to habeas relief on his first claim.

### B.  Claim # 2.  The ineffective assistance of counsel claim.

Petitioner next contends that he was deprived of the effective assistance of counsel, because counsel failed to object to Officer Kozlowski testifying about several conversations that he had with persons about the case, claiming that such testimony was inadmissible hearsay.

The Michigan Court of Appeals rejected petitioner's claim, finding that none of the challenged statements were hearsay, as defined by M.R.E. 801(c), because they were not offered to prove the truth of the matter asserted, but were offered to explain how Sergeant Kozlowski became involved in the case, why he was able to visit petitioner, why the informant gave the information to the police, and how deeply that the informant was involved in the case.  The Michigan Court of Appeals further found that counsel's failure to object was proper trial strategy, in that the challenged statements supported petitioner's defense theory that he was "set up" by Lyons. *Kokowicz,* Slip. Op. at * 2.

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Defense counsel was not deficient by failing to object to the alleged hearsay offered during petitioner's trial, in light of the fact that the Michigan Court of Appeals determined that the testimony at issue was not hearsay, or that if it was, it did not prejudice petitioner's defense. *See Adams v. Smith,* 280 F. Supp. 2d 704, 721 (E.D. Mich. 2003). Petitioner is not entitled to habeas relief, because the Michigan courts' rejection of his claim constituted a reasonable application of *Strickland. See Pearl,* 219 F. Supp. 2d at 829.

**C.  Claim # 3.  The sentencing claim.**

Petitioner lastly claims that his original sentences of 225 to 300 months that was imposed for the solicitation to murder counts must be corrected, because they violate the rule under M.C.L.A. 769.34(2)(b) that the minimum sentence not exceed 2/3 of the maximum sentence.

The Michigan Court of Appeals agreed with petitioner's claim and remanded the case for re-sentencing. On re-sentencing, petitioner's minimum

9

sentence was reduced to 200 months to comply with the "two thirds" rule. The state court's decision to re-sentence petitioner in conformance with Michigan law thus moots petitioner's sentencing claim. *See James v. Singletary,* 995 F. 2d 187, 188 (11th Cir. 1993).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

10

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  April 12, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 12, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager